**<u>Attorney for Plaintiff</u>**
Sirota & Associates, P.C.
Vladislav S. Sirota, Esq.
128 Brighton 11th Street, Suite 2
Brooklyn, NY 11235
Tel: 718-265-5900 Fax: 718-265-6969
INFO@NYWINLAW.COM

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

**Levan Alphaidze**
Plaintiff,

*v.* Case No.: **26-3440**

**Markwayne Mullin**
U. S. Department of Homeland Security
Office of the General Counsel
U. S. Department of Homeland Security
Washington, D.C. 20258

**Joseph B. Edlow**
U. S. Citizenship and Immigration Services
425 Eye St. NW
Washington D.C. 20536

**Todd Blanche**
Attorney General
U. S. Department of Justice
950 Pennsylvania Ave, NW
Washington, DC 20530-0001

**Kash Patel,**
Director of Federal Bureau of Investigation
J. Edgar Hoover Building
935 Pennsylvania Avenue, NW
Washington, D.C. 20535-0001

Defendants.

## COMPLAINT FOR MANDAMUS AND INJUNCTIVE RELIEF

Plaintiff, **Levan Alphaidze [A213-316-099]**, through undersigned Attorney, presents the instant Complaint before this Honorable Court requesting a relief against the Defendants for their actions and for their failure to act on the Plaintiff's Application for Adjustment of Status (Form I-485), in accordance with the law.

- **INTRODUCTION**

  - This is a petition for a statutory relief pursuant to the law including US Constitution, Mandamus Act (28 U.S.C. § 1361), Declaratory Judgment Act (28 U.S.C. § 2201), and the Administrative Procedures Act (5 U.S.C. § 551 et seq.) This action challenges the unreasonable delay in adjudicating of Plaintiff's Application for Adjustment of Status (I-485) , but, processing is taking significantly longer than the designated time allotted 8 U.S.C. § 1158(d)(5)(A)(iii).

- **JURISDICTION**

  - This Court has subject matter jurisdiction over this petition under 28 U.S.C. § 1331 (Federal question statute) since this is a civil action arising under the Constitution and the laws of the United States, including the Fifth Amendment to the U.S. Constitution, provisions of Title 8 U.S.C. § 1101 et seq. (Immigration and Nationality Act, INA) and applicable regulations, policies and procedures arising thereunder. This Court may grant relief in this action under 28 U.S.C. § 1361 (Mandamus Act); 28 U.S.C. § 1651 (All Writs Act); 28 U.S.C. § 2201 (Declaratory Judgment Act); and under 5 U.S.C. §§ 551, 701 et seq. (Administrative Procedures Act).
  - There are no administrative remedies available to Plaintiff to redress the grievances described herein. This action challenges only the Defendants' timeliness in adjudication of Plaintiff's Application for Adjustment of Status (I-485) , not the granting or denying of the application, therefore the jurisdictional limitations of 8 U.S.C. § 1252 do not apply.

- **VENUE**

  4. Pursuant to 28 U.S.C. § 1391(e) venue is proper in this Judicial District, because Defendants operate within this district, the substantial part of events giving rise to this action occurred within the district and Plaintiff resides in this district.

- **PARTIES**

- Plaintiff filed the Application for Adjustment of Status (Form I-485) in 2024 and the application is pending for several years, however despite many requests on the phone and two (2) via the online platform, the matter was never able to complete adjudication of Plaintiff's pending Application for Adjustment of Status, which has been pending since 2024. It has been several years and yet USCIS has not made the requisite forwarding action in the instant action despite countless inquiries.
- Secretary of the US Department of Homeland Security and is the direct supervisor of the Director of the U. S. Citizenship and Immigration Services. Therefore Plaintiff is the ultimate decision-making authority over the plaintiff's pending application with USCIS.
- Director of the U. S. Citizenship and Immigration Services. Pursuant *inter alia*, to 8 U.S.C. § 1103, he is charged with, among other matters, administering the USCIS by implementing and enforcing the Immigration and Nationality Act. As such, he has decision making authority over the matters alleged in this Complaint.
- Attorney General of the United States. Pursuant, *inter alia*, to 8 U.S.C. § 1103, he is charged with controlling determination of all issues of law pertaining to immigration and with representing the United States of America in various legal matters.
- Director of Federal Bureau of Investigation. He is the ultimate decision-making authority over the plaintiff's pending name check clearance as alleged in this Complaint.

- **STATEMENT OF FACTS**

- Plaintiff submitted the Application for Adjustment of Status (Form I-485) in 2024 under the provisions of the INA, which remains pending.
- Plaintiff is eligible for Adjustment of Status (I-485) benefits, as Plaintiff's matter has no adverse factors.
- Concerned about the application, Plaintiff made several official "Status Inquiry" requests with USCIS, to which Plaintiff was told that the case is still pending adjudication.
- Additional in person "Status Inquiries" with USCIS were made by the Plaintiff, at the appointments the Plaintiff was told that the matter is still pending.
- As of this date, USCIS has reached no resolution on Plaintiff's applications; so, Plaintiff is filing present Complaint with the Eastern District Court. This action challenges only the Defendants' timeliness in adjudication of Plaintiff's application.

- Section 8 U.S.C. § 1158(d)(5)(A)(iii) clearly states that, in the absence of exceptional circumstances, the final administrative adjudication of an Application for Adjustment of Status (I-485), not including administrative appeal, shall be completed within 180 days after the date the application is filed.
- Defendants are also required by 5 U.S.C. § 555(b) "within a reasonable time … to conclude a matter presented… ."

- **INJURY TO PLAINTIFF**
  - The Plaintiff's Application for Adjustment of Status (I-485) is still pending.
  - Plaintiff is waiting and will continue to wait for a significant amount of time for a decision on the application. Plaintiff could not plan ahead because Plaintiff does not know when Plaintiff will be scheduled for an interview.
  - Respondents' unreasonable delay in adjudicating the application deprived Plaintiff for longer processing and to be able to travel freely into and out of the United States; hold a job that is restricted to United States citizens; run for public office. Also Plaintiff has been and will continue to be unable to petition for family members to immigrate to the United States as immediate relatives.
  - Plaintiff's rights for due process of law and equal protection under the Fifth Amendment to the United States Constitution have been and are being violated and will continue to be violated by Defendants' failures as described herein.
- **GROUNDS FOR RELIEF**
  - Defendants, despite having a duty to act within a reasonable time, have failed to process and adjudicate Plaintiff's Application for Adjustment of Status (I-485) in a timely manner.
  - Defendant USCIS' duty to process and adjudicate Plaintiff's application "within a reasonable time" is a non-discretionary duty mandated by federal and judicial precedent.
  - Defendant USCIS' conduct in failing to process Plaintiff's application and adjudicate his case in a reasonably timely manner has caused unnecessary and injurious delays to Plaintiff, in violation of his rights.
  - Plaintiff has exhausted all administrative remedies available and has determined that no adequate remedy exists.

**Count I.**

**Mandamus Action**

**28 U.S.C. § 1651, 28 USC § 1361, 8 C.F.R. §103.2(b)(19) and 8 C.F.R. §245.2(a)(5)(i)**

- Plaintiffs incorporates all allegations made hereinabove that are pertinent to this Court.
- Defendants are charged with the mandatory responsibility of administering and implementing the Immigration and Nationality Act.
- Defendants bear sole responsibility for timely adjudication of the immigration application and for orderly attendant procedures.
- Defendants have failed to discharge their mandated duties.
- As a result, Plaintiff has suffered and continues to suffer irreparable harm and damages entitling him to declaratory, injunctive and other relief.
- Plaintiff has exhausted all possible administrative remedies and there exists no other adequate remedy.
- Strong humanitarian factors favor granting of Mandamus relief.

**Count II.**

**Administrative Procedures Act**

**5 U.S.C. §§ 555, 701 et seq., 8 C.F.R. §103.2(b)(19) and 8 C.F.R. §245.2(a)(5)(i)**

- By failing to render timely decision on Plaintiff's application, Defendants have violated the Administrative Procedures Act and this constitutes agency action that is arbitrary and capricious, and not in accordance with law. The Court of Appeals for DC Circuit noted that while "[t]here is no per se rule as to how long is too long to wait for agency action … a reasonable time for agency action is typically counted in weeks or months, not years". *In re American Rivers and Idaho Rivers*, 372 F.3d 413, 415 (D.C. Cir. 2004). The delay in this instant case is not judicially unmanageable as the USCIS failed to achieve a concrete goal – to issue a decision upon an application and violated the APA provision to do so within a reasonable time. 5 U.S.C. § 555(b). This Court has power under 5 U.S.C. § 706(1) to compel agency to perform "action unlawfully withheld or unreasonably delayed". The Defendants required by 8 C.F.R. § 103.2(b)(19) and by 8 C.F.R. § 245.2(a)(5)(i) to provide the Plaintiff a notice about the decision upon Plaintiff's application and they have failed to do so within a reasonable time.

**Count III.**

**Administrative Procedures Act**

**5 U.S.C. § 701 et seq. and 8 C.F.R. §103.2(b)(18)**

- Plaintiff incorporates all allegations made hereinabove that are pertinent to this Court.
- The Code of Federal Regulations establishes conditions under which the adjudication of the Plaintiff's application can be withheld. The Plaintiff's application has been pending for several years at the time of filing the complaint with the District Court. Therefore, according to the requirements of 8 C.F.R. § 103.2(b)(18), Plaintiff's application should have been reviewed twice by the USCIS district director, once by the USCIS regional commissioner and once by the Associate Commissioner, Examinations, with the concurrence of the Associate Commissioner, Enforcement. There is no evidence that these procedures have been followed. Therefore, the USCIS have violated the Federal regulations and "unlawfully withheld" adjudication of the legal alien's application. Furthermore, 8 C.F.R. § 103.2(b)(18) is not part of the Subchapter II of the Chapter 12 of the INA, therefore jurisdictional bar of the INA § 242(a)(2)(B)(ii) does not preclude review of the withholding of adjudication. Thus, this Court has the power to grant a relief under 5 U.S.C. § 706(1) and to compel the USCIS to perform agency action "unlawfully withheld".
- Defendants have failed to discharge their mandated official duties.
- As a result, Plaintiff has suffered and continues to suffer irreparable harm and damages entitling Plaintiff to declaratory, injunctive and other relief.

**Count IV.**

**Declaratory Judgment Act**

**28 U.S.C. § 2201, 8 C.F.R. §103.2(b)(18), 8 C.F.R. §103.2(b)(19) and 8 C.F.R. §245.2(a)(5)(i)**

- Plaintiff incorporates all allegations made hereinabove that are pertinent to this Court.
- Plaintiff contend that Defendants' actions and decisions relating to delays in adjudication and attendant procedures are unconstitutional, violate the INA and the applicable regulations, and are arbitrary and capricious and seek a declaration to that effect under 28 U.S.C. § 2201.
- Defendants have failed to discharge their mandated official duties.

- As a result, Plaintiff has suffered and continues to suffer irreparable harm and damages entitling Plaintiff to declaratory, injunctive and other relief.

**Count V.**

**Equal Access to Justice Act**

**5 U.S.C. § 504 and 28 U.S.C. § 2412**

- Plaintiff incorporates all allegations made hereinabove that are pertinent to this Court.
- If prevails, Plaintiff will seek attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412.

## VIII PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court grant the following relief:

- Assume jurisdiction over this cause;
- Declare that the Defendants' failure to act is illegal, arbitrary, capricious and abuse of discretion;
- Compel Defendants and those acting under them to perform their duty to adjudicate Plaintiff's Application for Adjustment of Status (I-485) expeditiously and within a reasonable time;
- Grant attorneys fees and costs of court;
- Grant such other and further relief this Court deems just and appropriate.

Dated:June, 2026

RESPECTFULLY SUBMITTED,

/S/V. Sirota

Vladislav S. Sirota, Esq.
Sirota & Associates, P.C.
128 Brighton 11th Street, Suite 2
Brooklyn, NY 11235
Tel: (718) 265-5900 / e: INFO@NYWINLAW.COM

# <u>AFFIRMATION OF SERVICE</u>

I, Vladislav S. Sirota, Esq. declare that I am the managing attorney of Sirota & Associate P.C. and our firm represents the Plaintiff in this matter before this Honorable Court, and I affirm that I served a true copy of the *Complaint by priority* delivery to:

Case No.: **26-3440**

**Markwayne Mullin**
U. S. Department of Homeland Security
Office of the General Counsel
U. S. Department of Homeland Security
Washington, D.C. 20258

**Joseph B. Edlow**
U. S. Citizenship and Immigration Services
425 Eye St. NW
Washington D.C. 20536

**Todd Blanche**
Attorney General
U. S. Department of Justice
950 Pennsylvania Ave, NW
Washington, DC 20530-0001

**Kash Patel**
Director of Federal Bureau of Investigation
J. Edgar Hoover Building
935 Pennsylvania Avenue, NW
Washington, D.C. 20535-0001

**Attorneys for Defendants**
United States Attorney's Office
Eastern District Of New York
271 Cadman Plaza East
Brooklyn, NY 11201

Dated: June 9, 2026

________/S/V. Sirota____________________
Vladislav S. Sirota, Esq.
Sirota & Associates, P.C.
128 Brighton 11th Street, Suite 2
Brooklyn, NY 11235